IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENDELL CARTER, ID # 813381, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:02-CV-1845-P |
| | ) | |
| DOUGLAS DRETKE,[1] Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

A. **Nature of the Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

B. **Parties**:  Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  Respondent is Douglas Dretke, Director of TDCJ-CID.

C. **Procedural History:**  On January 21, 1998, petitioner was convicted of possession with intent to deliver cocaine.  TR[2] at 45 (Judgment).  On May 22, 2000, the court of appeals affirmed

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

[2] "TR" refers to the state trial record in Cause No. F97-53084-UV.

his conviction. *See Carter v. State*, No. 05-98-00319-CR, 2000 WL 688214, at *1 (Tex. App. –

Dallas May 22, 2000, pet. ref'd) (not designated for publication). On August 30, 2000, the Texas

Court of Criminal Appeals refused his petition for discretionary review. *Carter v. State*, No. 05-98-

00319-CR, http://www.courtstuff.com/FILES/05/98/05980319.HTM (docket sheet information

generated Jan. 5, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas

at Dallas). On September 14, 2000, petitioner filed a state petition seeking habeas relief. *See* S.H.

Tr.[3] at 2. The Texas Court of Criminal Appeals denied the petition on December 13, 2000 because

petitioner's direct appeal was pending. *See Ex parte Carter*, No. 47, 619-01, slip op. at 1 (Tex. Crim.

App. Dec. 13, 2000).

On March 13, 2001, petitioner filed a federal petition seeking habeas relief. *See Carter v.*

*Cockrell*, No. 3:01-CV-0534-X (N.D. Tex.) (Pet. showing placement in prison mail system on Mar.

13, 2001). On August 24, 2001, the Court dismissed this petition because petitioner had failed to

exhaust his state remedies. *Id.* (Judgment). On February 22, 2002, petitioner filed a second state

petition seeking habeas relief. See S.H. Tr II[4] at 2. On June 19, 2002, the Texas Court of Criminal

Appeals denied this second petition without written order. *See Ex Parte Carter*, No. 47, 619-02, slip

op. at 1 (Tex. Crim. App. June 19, 2002).

Petitioner filed the instant petition on August 22, 2002, when he placed it in the prison mail

system. (Pet. at 9); *see also, Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that

---

[3] "S.H. Tr." refers to the state habeas record attached to *Ex parte Carter*, No. 47, 619-01, slip op. (Tex. Crim. App. Dec. 13, 2000).

[4] "S.H. Tr. II" refers to the state habeas record attached to *Ex Parte Carter*, No. 47, 619-02 (Tex. Crim. App. June 19, 2002).

prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that the evidence was legally insufficient to convict him, because the transaction of narcotics was not presented as evidence. (Pet. at 7.) He further claims that the evidence was factually insufficient to convict him, because he was not in possession of cocaine when he was apprehended by the arresting officers. (Id.) He also claims that he is held unlawfully because the trial court gave no written approval of his agreement to stipulate to the weight of the cocaine and because his attorney rendered ineffective assistance of counsel by filing only one motion – a motion for new trial after trial. (Id. at 7-8.)

On November 25, 2002, respondent filed his answer wherein he seeks to dismiss the instant action as untimely. (See Answer at 3-5.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. Lindh v. Murphy, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

3

a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does petitioner base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this instance, petitioner appealed his conviction; the Texas Court of Criminal Appeals denied his petition for discretionary review on August 30, 2000; and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review – in this instance on November 28, 2000. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final on November 28, 2000. At or

4

near the time of his trial in January 1998, he would have known the factual bases for his claims of factual and legal insufficiency of the evidence and ineffective assistance of counsel. In addition, at or near the time of trial, petitioner would have known of the trial court's failure to give written approval of the agreement to stipulate to the weight of the cocaine.

Because petitioner filed his August 22, 2002 petition more than one year after his conviction became final on November 28, 2000, a literal application of § 2244(d)(1) renders the filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also, Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

#### A. Statutory Tolling

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to a pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim.

App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not properly file a state application until February 22, 2002. By that time, the one-year period of limitations had expired. Petitioner is thus entitled to no statutory tolling under § 2244(d)(2).[5]

## B. Equitable Tolling

Although the filing of petitioner's first federal petition does not statutorily toll the statute of limitations, the possibility exists that such filing could equitably toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 183-84 (2001). In this instance, however, there is nothing about the handling of the first federal petition to warrant equitable tolling. After receiving that petition on March 19, 2001, the Court quickly determined that petitioner did not qualify to proceed *in forma pauperis* and recommended that *in forma pauperis* be denied and that petitioner pay the filing fee by April 30, 2001. On April 6, 2001, the Court received the filing fee, and on April 20, 2001, it directed respondent to answer the federal petition. On July 19, 2001, respondent moved to dismiss the action for petitioner's failure to exhaust. On July 24, 2001, the Magistrate Judge recommended that the action be dismissed on that basis, and on August 24, 2001, the Court dismissed the action without objection by petitioner. The Court thus resolved the first federal petition within 164 days of petitioner placing it in the prison mail system. The disposition falls well below the national average of 268 days taken to resolve habeas actions on procedural grounds. *See Duncan*, 533 U.S. at 184 (Stevens, J., concurring) (noting the 268-day average).

---

[5] Petitioner's previous federal petition also does not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

6

Although principles of equitable tolling may, under some circumstances, warrant tolling the statutory period while an unexhausted federal petition is pending, the mere filing of such a petition is insufficient of itself to invoke those principles. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has not cleared that high hurdle.

Petitioner has shown no extraordinary circumstances – the filing of the first federal petition and its dismissal for his failure to exhaust state remedies do not qualify as such circumstances. He has shown nothing beyond his control that made it impossible to file the instant federal petition on time. He chose to file his first federal petition before exhausting his remedies in the state courts.[6] Nothing occurred during the pendency of that federal petition to warrant application of equitable tolling.

Furthermore, even if the Court were inclined to grant some equitable tolling for the improvidently filed initial federal petition, the circumstances of this case do not warrant such tolling. By the end of July 2001, petitioner would have known the likely fate of his first federal petition. Nevertheless, he took nearly seven months to file his second state petition. A petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). An unexplained six-month delay after the state court denies a state petition makes the circumstances "not extraordinary enough to qualify for equitable tolling." *See id.* In this instance, petitioner provides no explanation for the delay between the time he

---

[6] Whether petitioner knew the legal ramifications of such filing is immaterial. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

7

definitely learned that his federal petition was subject to dismissal for failure to exhaust state remedies in July 2001, and the filing of his second state application for writ of habeas corpus on February 22, 2002. Without adequate explanation for such delay, the circumstances of this case are not extraordinary enough to qualify for equitable tolling even were the Court inclined to grant some equitable tolling for the improvidently filed federal petition.[7] "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). In this instance, petitioner's lack of diligence rather than external forces appears to account for the untimeliness of this action. Petitioner has exercised insufficient diligence to warrant equitable tolling. In the absence of equitable tolling, the August 22, 2002 filing falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

---

[7] The Court is in no way indicating that any tolling is warranted by the filing of the first federal petition. It is merely indicating that, even if it were inclined to grant some tolling due to that mistaken filing, petitioner has still exercised insufficient diligence to warrant equitable tolling.

SIGNED this 2nd day of March, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE